DAVID P. ELDER (SBN 171510)
delder@housingrightscenter.org
DANNY Y. YOO (SBN 251574)
JUDITH B. VASAN (SBN 278115)
520 S. Virgil Avenue, Suite 400
Los Angeles, CA 90020
Tel: (213) 387-8400
Fax: (213) 381-8555

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON SMITH, an individual, | CASE NO. CV12-06388 DDP(RZx) |
| Plaintiff, | **COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES FOR:** |
| vs. | |
| HAROLD POWDRILL and ZELMA POWDRILL, as individuals, | 1. The Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*; |
| Defendants. | 2. California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*; |
| | 3. Unruh Civil Rights Act (Cal. Civil Code § 51) |
| | 4. Disabled Persons Act (Cal. Civil Code § 54) |
| | 5. Negligence |
| | JURY TRIAL DEMANDED |

## I.  INTRODUCTION

1. In this action, Plaintiff Sharon Smith seeks monetary, declaratory, and injunctive relief for housing discrimination based on Defendants' refusal to provide a

COMPLAINT
- 1 -

reasonable accommodation for her. Ms. Smith requested an accommodation from Defendants to allow her to keep a medically-prescribed animal in her unit. Ms. Smith provided a letter from her psychiatrist to Defendants confirming her need for the animal. Despite this, Defendants denied and continue to deny Ms. Smith's request. Moreover, Defendants are interfering with Ms. Smith's fair housing rights by serving her with a Three-Day Notice to Perform Covenant or Quit demanding that she remove her companion animal from the apartment. Now, therefore, Ms. Smith brings forth this lawsuit to enforce her rights to be free from discrimination based on her disability.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 42 U.S.C. § 3613 and 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because they are related to her federal claims and arise out of a common nucleus of operative facts. Plaintiff's state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has personal jurisdiction over Defendants because Defendants own and operate property in the forum state as a business, which establishes sufficient minimum contacts with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Further, Defendants have conducted business through correspondence originating from their state of residence to the forum state. *McGee v. International Life Insurance Co.*, 355 U.S. 220 (1957). Finally, this Court has long-arm authority over Defendants pursuant to Cal. Code Civil P. § 410.10

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because all of the acts or omissions giving rise to these claims occurred within the County of Los Angeles, State of California.

5. This Court has authority to grant declaratory and injunctive relief as well as compensatory and punitive damages pursuant to 42 U.S.C. §§ 3612(o)(3) and

COMPLAINT
- 2 -

3613(c)(1), and 28 U.S.C. §§ 2201 and 2202. The Court also has the authority to award reasonable attorneys' fees and costs to a prevailing party pursuant to 42 U.S.C. § 3613(c)(2).

### III. PARTIES

6. Plaintiff Sharon Smith is an individual with disabilities that qualify her as disabled under the federal Fair Housing Act, the state Fair Employment and Housing Act, California Disabled Persons Act, and the California Unruh Civil Rights Act. Ms. Smith leases unit #4 at 4205 Degnan Boulevard, Los Angeles, California 90008 ("subject property"). Ms. Smith has lived at the subject property since June 2012.

7. Upon information and belief, Defendants Harold and Zelma Powdrill are individuals who own the subject property as a residential apartment building. Defendant Zelma Powdrill is the person who is responsible for granting or denying requests for accommodations at the subject property. While Defendants reside in Texas, Defendants have directly corresponded with Plaintiff and Plaintiff's representatives. Defendants act through their agents, Valerie and Phillip Powdrill, to manage the property locally.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff Smith is a person with multiple disabilities including, but not limited to, carpal tunnel syndrome, severe adjustment disorder, pain disorder, and insomnia. Approximately one year ago, Ms. Smith suffered a work-related injury, which caused her to undergo surgery on both hands. She has not fully recovered physically. In addition to her physical disabilities, Ms. Smith suffers from mental disabilities. The prolonged rehabilitation has exacerbated the symptoms of her mental disabilities. To alleviate the symptoms of her disabilities, Ms. Smith uses an emotional support dog.

9. On or around May 15, 2012, Ms. Smith viewed the subject property with Phillip, Defendants' son who manages the property. Despite having offers at other

rental units, Ms. Smith turned down other units to rent at the subject property. Ms. Smith wanted this particular unit because of its proximity to her family and her church and because its price was within her limited income.

10. After deciding to rent the unit, Ms. Smith paid the security deposit. Ms. Smith informed Phillip that she had an emotional support animal. Phillip stated that Ms. Smith could keep the dog. Phillip, however, informed Ms. Smith that he did not want Defendants to know about the dog. Ms. Smith had not seen nor signed a lease agreement at this time.

11. On or around June 2, 2012, Ms. Smith met with Phillip and Valerie. Phillip provided Ms. Smith a lease agreement to sign. At this meeting, Valerie saw the animal and questioned why Ms. Smith had it. Ms. Smith informed Valerie that Phillip had allowed her to keep the animal. Valerie allowed Ms. Smith to keep the dog.

12. Ms. Smith signed the agreement a few days later. Before signing the agreement, however, Ms. Smith noticed that one of the prewritten terms of the agreement stated that no pets are allowed on the subject property. Ms. Smith proceeded to sign the rental agreement but did not initial the page with the no pet provision.

13. Ms. Smith asked Phillip to change the lease terms because she was keeping an emotional support animal in her unit. Phillip continued to reassure Ms. Smith that her possession of the dog was not a problem, but not to inform Defendants. On July 2, 2012, for example, Phillip sent a text message to Ms. Smith stating, "keep the dog on the down low".

14. Ms. Smith was uncomfortable with Phillip's proposed arrangement. On or around July 12, 2012, Ms. Smith sent a letter to Defendants that introduced herself as their tenant. The letter included a reasonable accommodation request to keep her emotional support dog. Ms. Smith enclosed a letter from her psychiatrist confirming her need for the emotional support dog. Ms. Smith's psychiatrist prescribed her the emotional support dog as "necessary for her continued stabilization."

COMPLAINT
- 4 -

15. On or around July 16, 2012, Defendants responded to Ms. Smith's request. Defendant Zelma Powdrill wrote a letter that included a "Three-Day Notice to Perform Conditions and Covenants or Quit" to remove the dog. Defendants did not engage in an interactive process with Ms. Smith. Defendants unilaterally determined that the request was unreasonable and denied it.

16. Ms. Smith received the aforementioned letter and Three-Day Notice on July 21, 2012.

17. On July 23, 2012, Ms. Smith sought the assistance of the Housing Rights Center ("HRC"). Ms. Smith spoke with HRC Case Analyst Gabriela Garcia. Ms. Garcia assisted Ms. Smith with her a request for a reasonable accommodation based on Ms. Smith's disabilities.

18. On July 24, 2012, Ms. Garcia called Defendant Zelma Powdrill to renew the accommodation request on Ms. Smith's behalf. Ms. Garcia informed Defendant Zelma Powdrill that Ms. Smith is making this request based on her disabilities. Defendant Zelma Powdrill acknowledged that she had received Ms. Smith's letter and the attached doctor's letter. Defendant Zelma Powdrill dismissed Ms. Smith's psychiatrist's letter and denied the request a second time. Furthermore, Defendant Zelma stated that "dogs are meant to be kept outside" and, "I want [Ms. Smith] out of the unit."

19. Defendants have repeatedly denied her request to an accommodation for her emotional support animal. Ms. Smith is in danger of losing her housing based on the fact that she uses a medically necessary emotional support animal. Accordingly, Ms. Smith has no recourse, but to file this lawsuit to enforce and vindicate her rights.

20. As a result of Defendants' actions, Ms. Smith has suffered emotional injury, including but not limited to the fear and anxiety of losing her housing, confusion, humiliation, and increased stress. Ms. Smith has lost her civil right to be free from housing discrimination based on her disability.

## V. CLAIMS FOR RELIEF

### First Claim - Fair Housing Act

21. Plaintiff herein realleges and incorporates by reference all the previous paragraphs in this Complaint.

22. Defendants, by a pattern or practice of illegal discrimination, have violated the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, by discriminating against Ms. Smith, an individual with physical and mental disabilities, in the following ways:

   a. Refusal to provide a reasonable accommodation in violation of 42 U.S.C. § 3604(f)(3)(B);

   b. Otherwise making a dwelling unavailable in violation of 42 U.S.C. § 3604(f)(1);

   c. Interfered with persons in the exercise or enjoyment of rights guaranteed by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

   d. Interfered with persons in the exercise or enjoyment of rights guaranteed by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

### Second Claim – California Fair Employment and Housing Act

23. Plaintiff herein realleges and incorporates by reference all previous paragraphs in this Complaint.

24. Defendants violated the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12926-95, by discriminating against Ms. Smith through the following acts:

   e. Refusing to provide a reasonable accommodation in violation of Cal. Gov't Code §§ 12955 and 12927;

   f. Discriminating because of disability in violation of Cal. Gov't Code §§ 12955(a) and (d);

      g.    Otherwise making unavailable or denying a dwelling based on discrimination because of disability in violation of Cal. Gov't Code § 12955(k);

      h.    Interfered with persons in the exercise or enjoyment of rights guaranteed by the Fair Employment and Housing Act, in violation of Cal. Gov't Code § 12955.8.

### Third Claim - California Disabled Persons Act

25. Plaintiff herein realleges and incorporates by reference all the previous paragraphs in this Complaint.

26. In committing the acts herein alleged, Defendants have engaged in a practice of unlawful discrimination in the operation of the subject property based on disability against Ms. Smith, and therefore have discriminated against Ms. Smith in violation of the California Disabled Persons Act, Cal. Civil Code § 54 *et seq.*

### Fourth Claim - California Unruh Civil Rights Act

27. Plaintiff herein realleges and incorporates by reference all the previous paragraphs in this Complaint.

28. In committing the acts herein alleged, Defendants have engaged in a practice of unlawful discrimination in the operation of the subject property based on disability against Ms. Smith, and therefore have discriminated against Ms. Smith in violation of the California Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.*

### Fifih Claim - Negligence

29. Plaintiff herein realleges and incorporates by reference all the previous paragraphs in of this Complaint.

30. Defendants owed Plaintiff a duty to operate the subject property in a manner that was free from unlawful discrimination and to employ, train, and supervise their directors, employees, agents, and themselves to fulfill that duty. Defendants breached that duty by refusing to provide a required accommodation.

31. Defendants' negligence includes but is not limited to:
   a. Defendants' negligent failure to train its employees and agents regarding the requirements of federal and state fair housing laws;
   b. Defendants' negligent failure to hire persons who were familiar with the requirements of federal and state fair housing laws;
   c. Defendants' negligent failure to supervise themselves and their employees regarding compliance with the requirements of federal and state fair housing laws;
   d. Defendants' negligent failure to discipline or terminate employees, who failed to comply with the requirements of federal and state fair housing laws; and
   e. Defendants' negligent failure to operate the subject property in conformity with accepted industry custom and standards.

## VI.   PRAYER FOR RELIEF

Plaintiff prays this Court enter judgment as follows:

1. Declare that the discriminatory practices of the Defendants, as set forth above, violate the Fair Housing Act, the Fair Employment and Housing Act, the Disabled Persons Act, and the Unruh Civil Rights Act.

2. Enjoin Defendants to permit Ms. Smith to keep her emotional support animal at the subject property as a reasonable accommodation.

3. Enjoin Defendants, its agents, employees, successors, and all other persons in active concert or participation with any of the Defendants from continuing to discriminate on the basis of disability against Ms. Smith or against any other person who is a prospective or current resident homeowner or tenant at their properties in violation of the above federal and state laws in any aspect of the occupancy of a dwelling.

4. Order that Defendants provide equal housing opportunities to all prospective and in-place resident homeowners and tenants, engage in comprehensive fair housing training, and submit to monitoring of their practices and records in order to ensure compliance with the fair housing laws.

5. Award compensatory damages to Plaintiff.

6. Award statutory damages to Plaintiff under the California Unruh Civil Rights Act.

7. Award punitive damages to Plaintiff.

8. Award any other such damages as may be allowed under all the above federal and state laws.

9. Award to Plaintiff her reasonable attorneys' fees and costs in this action.

10. Award all such other relief as the Court deems just.

Dated: July 25, 2012

Respectfully Submitted,

JUDITH B. VASAN
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

```
CV12- 6388 DDP (RZx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
DANNY YOO (SBN 251574)
JUDITH B. VASAN (SBN 278115)
520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020
Phone: (213) 387-8400 x32 Fax (213) 381-8555

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON SMITH, an individual,<br><br>PLAINTIFF(S)<br>v.<br>HAROLD POWDRILL and ZELMA POWDRILL, as individuals,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-06388 DDP(PZx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __DAVID ELDER_____, whose address is __520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: __JUL 25 2012__

Clerk, U.S. District Court

By: __JULIE PRADO__
    Deputy Clerk
                1154

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SHARON SMITH, an individual

**DEFENDANTS**
HAROLD POWDRILL and ZELMA POWDRILL, as individuals

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
HOUSING RIGHTS CENTER, INC.
520 S. Virgil Avenue, Suite 400, Los Angeles, CA 90020
TEL: 213-387-8400 x32 / FAX: (213) 381-8555

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This action arises under the Federal Fair Housing Act, 42 U.S.C. §§ 3601-3619

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☑ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-06388

**FOR OFFICE USE ONLY:**   Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | N/A |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |
| Los Angeles County | N/A |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 07/25/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |